IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JOHNSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:12-cv-190-DRH |
| | ) |
| ALTON MENTAL HEALTH CENTER and | ) |
| MD MIRZA BAIG, | ) |
| | ) |
|     Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    Petitioner, currently held in the Alton Mental Health Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his June 5, 2006, remand to the Illinois Department of Human Services for psychiatric treatment after he was found not guilty by reason of insanity by a St. Clair County, Illinois court.

    In his petition currently before the Court, petitioner makes three claims for relief: 1) his due process rights have been violated through his illegal confinement; 2) his due process rights have been violated through his inability to

challenge the state-court rulings against him, and 3) his trial counsel was ineffective. Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court shall order a response.

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for writ of habeas corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2012**

Digitally signed by David R. Herndon
Date: 2012.08.28 11:09:41 -05'00'

**Chief Judge**
**United States District Court**