IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JOHNSON, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-190-DRH-CJP |
| | ) |
| ANITA BAZILE, | ) |
| | ) |
|       Respondent. | ) |

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Kevin Johnson was found not guilty by reason of insanity of first degree murder in the Circuit Court of St. Clair County, Illinois. He was then involuntarily committed to the custody of the Illinois Department of Human Services for inpatient mental health services, and confined at the Alton Mental Health Center where he remains today.

This matter is currently before the Court on Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Johnson is challenging the constitutionality of various aspects of his criminal trial and the finding of not guilty by reason of insanity, as well as the post-trial process and his civil commitment. For the reasons state below, Johnson's habeas petition is **DENIED** and the case is **DISMISSED with prejudice**.

### I.   BACKGROUND

**A.**   **Relevant Factual History**

In December 2002, Kevin Johnson was charged with first degree murder in the Circuit Court of St. Clair County, Illinois for stabbing Henry Coleman, Jr. to death (*See* Doc. 26-2). Due to ongoing concerns regarding Johnson's mental fitness, his case did not proceed to trial until June 2006 (*See* Doc. 26-2). On June 5, 2006, following a stipulated bench trial, Johnson was found not guilty by reason of insanity ("NGRI") (Doc. 26-3). Pursuant to state law, Johnson was remanded to the Illinois Department of Human Services ("DHS") for an evaluation to determine if he needed mental health services.

On October 6, 2006, after receiving the evaluation from DHS, the court held a hearing and found that Johnson was currently in need of inpatient mental health services (Doc. 26-4). He was involuntarily committed to the custody of DHS and confined at the Alton Mental Health Center. The maximum length of time that Johnson can be involuntarily committed is 60 years (*see* Doc. 26-1 p. 38), and he must be released by December 13, 2062 (Doc. 26-15).

**B.  Procedural History**

On October 20, 2006, Johnson filed a *pro se* notice of appeal indicating only that he was appealing "not guilty by reason of insanity" (Doc. 26-5). There is no indication that Johnson sought to appeal the original commitment order. An attorney was appointed to represent Johnson and moved to voluntarily dismiss the appeal (Doc. 26-6). Johnson's attorney stated that under Illinois law, as interpreted by the Illinois Supreme Court in *People v. Harrison*, 877 N.E.2d 432 (Ill. 2007), the NGRI finding was equivalent to an acquittal and therefore was not

subject to appellate review (Doc. 26-6). On January 31, 2008, the Illinois Appellate Court granted the motion and dismissed Johnson's appeal (Doc. 26-7).

In April 2008, Johnson filed a *pro se* federal habeas petition alleging that his acquittal violated the Constitution because there was insufficient evidence to establish his guilt beyond a reasonable doubt. *Johnson v. Shobe*, Case No. 08-cv-304-JPG (S.D. Ill.) The petition was dismissed because Johnson had not exhausted his claim in state court. *Id.* at Doc. 31, Doc. 33.

In May 2009, Johnson filed a *pro se* postconviction petition in St. Clair County Court (Doc. 26-8). He made several claims regarding the underlying NGRI determination and several claims regarding the post-trial civil commitment process. Before the Court ruled on his postconviction petition, Johnson filed a *pro se* "petition for judicial review" containing allegations similar to those in his postconviction petition (Doc. 26-12; s*ee* Doc. 2-3).

On January 20, 2010, the trial court dismissed Johnson's postconviction petition finding that Johnson lacked standing under the Illinois Post-Conviction Act to bring a postconviction petition because he was not convicted and was not in the custody of the Department of Corrections (Doc. 2-2). Johnson's pro se "petition for judicial review" was then denied on March 9, 2010 because the trial court found that he was simply rearguing issues that had already been ruled on (Doc. 2-3; Doc. 26-13).

With the assistance of counsel, Johnson appealed the denial of his postconviction petition (Doc. 26-9). However, his attorney later moved to

voluntarily dismiss the appeal (Doc. 26-10).  The Illinois Appellate Court granted the motion and dismissed Johnson's appeal on April 6, 2011 (Doc. 26-11).

Johnson has also filed at least two petitions pursuant to 730 ILL. COMP. STAT. 5/5-2-4(e) seeking a review of his treatment plan, a transfer to non-secure setting, discharge, or conditional release.  The trial court denied his petitions on March 3, 2010 and April 15, 2011, respectively (Doc. 2-4; Doc. 2-5).  There is no evidence that Johnson ever appealed either of these denials.

C.     **Current Federal Habeas Petition & Respondent's Answer**

Johnson filed the instant habeas petition on March 1, 2012 with the assistance of counsel (Doc. 2).  He indicated that the judgment he is challenging is the June 5, 2006 finding of not guilty by reason of insanity (Doc. 2, p. 2).  He first claims that the Illinois Supreme Court's decision in *People v. Harrison*, 877 N.E.2d 432 (Ill. 2007), is unconstitutional and violates his right to due process because it precludes him from seeking appellate or collateral review of the NGRI finding (Doc. 2, pp. 9, 11).  Second, he claims that he received ineffective assistance of counsel at trial when his attorney permitted suppressed evidence into the record, and misinformed him about the consequences of pleading NGRI (Doc. 2, p. 13).  Johnson further claims that his appellate counsel was ineffective for dismissing his appeal of the NGRI finding without consulting with him or explaining the implications of the dismissal (Doc. 2, p. 13).

Johnson also indicated that he is challenging his continued confinement under the trial court's April 15, 2011 order denying his petition for discharge or

conditional release (Doc. 2, p. 7). He alleges that his continued confinement violates his due process rights because he is no longer in need of in-patient mental health treatment, and he does not have a means to challenge his confinement (Doc. 2, p. 9).

Respondent filed an answer to the petition arguing that Johnson's claims related to his criminal trial and the NGRI finding were not cognizable in a federal habeas proceeding (Doc. 26, p. 9). Respondent further argues that Johnson's claims related to his civil commitment were not exhausted in state court and are now procedurally defaulted (Doc. 26, p. 10).

## II. DISCUSSION

**A. Johnson's Claims Related to the NGRI Finding Are Not Cognizable**

The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While the "in custody" requirement of § 2254(a) is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the very order he is attacking when the petition is filed in order for this Court to have jurisdiction. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) ("In order to bring an action under § 2254, a prisoner must be 'in custody' pursuant to the conviction or sentence being challenged." (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989))).

Here, Johnson is in state custody and confined in a mental institution pursuant to a civil commitment order finding that he was in need of inpatient mental health services for his own safety and for the safety of society. *People v. Harrison*, 877 N.E.2d 432, 439 (Ill. 2007). He is *not* in custody pursuant to the order finding him not guilty by reason of insanity. In fact, under Illinois law, the NGRI finding is considered an acquittal, and Johnson was completely absolved of any criminal responsibility and cannot be subject to punishment for the charged crime. *Id.* Because Johnson is not in custody pursuant to the NGRI finding, his claims related to that finding are not cognizable in a § 2254 petition and the Court has no jurisdiction to consider them. Accordingly, these claims must be dismissed.

**B. Johnson's Claims Related to His Continued Civil Commitment are Procedurally Defaulted**

The Court has jurisdiction to consider Johnson's constitutional challenges related to the April 15, 2011 order continuing his civil commitment because he is in custody pursuant to that order. However, before considering the merits of these claims, the Court must ensure that Johnson has exhausted his state court remedies. 28 U.S.C. § 2254(b). In order to exhaust, a petitioner must fully and fairly present his constitutional claims through one full round of state court review before filing a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For a petitioner who is confined pursuant to an order or judgment from an Illinois state court, this means "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to

the Illinois Supreme Court in a petition for discretionary review." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (citing *Boerckel*, 526 U.S. at 844–45). If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

According to Johnson, he has exhausted his state court remedies with respect to his claims challenging his civil commitment. Johnson is incorrect. When Johnson filed this habeas petition, he had not presented his claims on appeal to the Illinois Appellate Court after they were denied by the trial court on April 15, 2011. Moreover, complete exhaustion is no longer available because the time for appealing the April 15, 2011 order expired long ago. *See* ILL. S. CT. RULE 303(a) (indicating that a civil appeal must be filed within 30 days after the entry of a final order or judgment). Therefore, Johnson's claims regarding his continued civil commitment are procedurally defaulted.

Johnson argues that the procedural default should be excused because he was representing himself *pro se* and he has made every effort to follow the proper procedures, but his overlapping challenges have generated too much confusion and the procedural rules are too complicated for him to follow (*See* Doc. 31, pp. 11, 14, 15). *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding that procedural default can be excused if petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice). Johnson's explanation is insufficient to demonstrate cause for the procedural default. He has conflated the

facts regarding all of his various challenges in state court, but the only facts that are instantly relevant are those related to the April 15, 2011 hearing on Johnson's petition challenging his continued confinement, the trial court's order denying that petition, and Johnson's subsequent efforts to appeal that order.

Johnson does not specifically assert that he was acting *pro se* at the April 15, 2011 hearing, and the Court finds it exceedingly unlikely that he represented himself at the hearing given that state law requires the appointment of counsel for such proceedings. *See* 730 ILL. COMP. STAT. 5/5-2-4(c). Furthermore, it is undisputed that Johnson did not appeal the April 15, 2011 order, but Johnson has not provided any explanation or facts specifically regarding why he did not do so. To the extent he is blaming it on his own confusion or inability to understand the procedural rules, neither reason is an external obstacle and therefore cannot serve as cause to excuse the procedural default. *Harris v. McAdory*, 334 F.3d 665, 668, 669 (7th Cir. 2003) (holding that cause sufficient to excuse procedural evasion is defined as "some objective factor external to the defense" and "[s]omething that comes from a source within the petitioner is unlikely to qualify as an external impediment"). Because Johnson's claims related to his continued confinement are procedurally defaulted, and he has failed to establish cause to excuse the default, these claims must be dismissed.

Before concluding, the Court wishes to address Johnson's assertion that he is caught in "a never ending legal loop," and unable to challenge his confinement and essentially precluded from federal habeas review (*See* Doc. 26, p. 1).

Johnson is mistaken. He can bring constitutional claims related to his continued civil commitment in a federal habeas petition once those claims have been exhausted in state court. That means he must raise those constitutional claims before the trial court in a petition under 730 ILL. COMP. STAT. 5/5-2-4(e). If his petition is denied by the trial court, he must appeal to the Illinois Appellate Court. *See* 405 ILL. COMP. STAT. § 5/3-816(b); *People v. Beeler*, 970 N.E.2d 110, 113 (Ill. App. Ct. 2012) (holding that Illinois Appellate Court had jurisdiction to hear appeal where petitioner was challenging commitment order, not NGRI finding). If his appeal is denied, he must file a petition for leave to appeal with the Illinois Supreme Court. *See* 405 ILL. COMP. STAT. § 5/3-816(b). After his petition for leave to appeal is denied, he will have one year to file his federal habeas petition. *Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010) (holding that "each state court order continuing [petitioner's] commitment or denying his challenge to such commitment constitutes a new judgment for purposes of AEDPA, and therefore starts a new statute of limitations period").

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here the undersigned finds no basis for a determination that the Court's decision to dismiss Johnson's § 2254 petition is debatable or incorrect. Reasonable jurists could not debate the Court's conclusion that Johnson's claims regarding the NGRI finding are not cognizable in a federal habeas action. Reasonable jurists also could not debate the Court's conclusion that Johnson procedurally defaulted on his claims challenging his continued civil commitment. Consequently, the Court declines to issue a certificate of appealability in this case.

### III.  CONCLUSION

Kevin Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 2) is **DENIED** and this matter is **DISMISSED with prejudice**. Furthermore, the Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**
Signed this 8th day of April, 2014.

David R. Herndon
2014.04.08
12:02:35 -05'00'

**Chief Judge**
**United States District Court**